IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT W. HOWELL,**

  **Plaintiff,**

**v.**       //   CIVIL ACTION NO. 1:12CV60
               (Judge Keeley)

**LOCKHEED MARTIN CORPORATION,
DEBRA McNEMAR, LISA CADLE,
WILLARD NICKERSON, and BARBARA
HUMPTON,**

  **Defendants**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND [DKT. NO. 18]

On May 3, 2012, the plaintiff, Robert W. Howell ("Howell"), filed a Motion to Remand and for Costs. For the reasons that follow, the Court **GRANTS IN PART** Howell's motion (dkt. no. 18) and **REMANDS** this case to the Circuit Court of Harrison County, West Virginia.

**I.**

On January 7, 2011, Howell instituted an action in the Circuit Court of Harrison County against his employer, Lockheed Martin Corporation and its agents, Debra McNemar, Lisa Cadle, Willard Nickerson, and Barbara Humpton (collectively "Lockheed Martin"). Howell's state court complaint alleges that Lockheed Martin

**HOWELL v. LOCKHEED MARTIN CORPORATION, ET AL.**           **1:12CV60**

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 18]**

wrongfully terminated him, a long-time employee, because of his age, in violation of the West Virginia Human Rights Act ("WVHRA"), W. Va. Code § 5-11-9.[1] Specifically, he alleged that, "[u]pon information and belief, [d]efendant Lockheed promoted a substantially younger individual to replace [p]laintiff" (dkt. no. 2-2 at 4), and "[p]laintiff's termination from his employment was based upon, in whole or in part, [p]laintiff's age, in violation of the WVHRA . . . ." Id.

Howell's suit proceeded in state court for more than a year until April 16, 2012, one week before trial was scheduled to begin, when Lockheed Martin removed the case to this Court. Lockheed Martin argues that removal was proper, and this Court can exercise subject matter jurisdiction over Howell's suit because, on April 13, 2012, Howell, in his sur-reply to Lockheed Martin's Motion for Summary Judgment, for the first time raised allegations that triggered preemption under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. Specifically, Howell's sur-reply alleged the following:

---

[1] Howell also alleged that Lockheed Martin failed to pay him accrued wages, in violation of the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1. (Dkt. No. 2-2 at ¶ 25). The parties have settled this claim, so only Howell's WVHRA claim remains.

2

> II. Lockheed Martin implemented a plan to reduce costs and employee overhead around the same time Plaintiff was terminated.
>
> In late 2009 and continuing into 2010, Lockheed Martin began implementing a company overhaul with the stated goal of saving money. <u>Lockheed Martin recognized the need to restructure its employee base by eliminating employees with high salaries and the potential to cost money through the pension plan offered by the company</u>. Defendants recognized that Plaintiff's continued employment would defeat this <u>plan to reduce costs</u>. <u>His continued employment with the company exposed Lockheed Martin to continue to pay him the higher salary it sought to eliminate and the risk of paying Plaintiff much higher pension benefits</u>, the difference of which was substantial. As illustrated by Mr. Selby's report, Plaintiff has suffered a present value loss to his pension in the amount of $589,228.00. Defendant's cost cutting measures, conceived at or near the time of his termination, provide evidence upon which a jury could concluded [sic] <u>that Plaintiff's age</u> which was part and parcel of his high cost to the Defendants, <u>was a motivating factor in his termination</u>.

(Dkt. Nos. 2 at 6; 2-5 at 3) (emphasis added) (internal citations to the state court record omitted).

On May 3, 2012, Howell filed a Motion to Remand and for Costs, in which he asserted that the statements in his sur-reply do not give rise to complete ERISA preemption. (Dkt. No. 18). Alternatively, he argued that Lockheed Martin's removal was untimely. Lockheed Martin responded on May 17, 2012, and Howell replied on May 24, 2012. On May 29, 2012, Lockheed Martin sought permission to file a sur-reply, alleging Howell had raised a new

3

argument in his reply. (Dkt. No. 24). Howell's motion to remand is now fully briefed and ripe for disposition.

**II.**

A defendant may remove a case from state to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. As a "general principle . . . defendants seeking removal under the doctrine of complete preemption bear a significant burden." Lontz v. Tharp, 413 F.3d 435, 441 (4th Cir. 2005). Additionally, because removal is strictly construed, "reasonable doubts must be resolved against the complete preemption basis for it." Id. (citing Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)).

Typically, a determination of whether a defendant may remove a case pursuant to 28 U.S.C. § 1331 "arising under" jurisdiction turns on the "well-pleaded complaint" rule. Under that rule, the existence of a federal defense normally does not create § 1331 jurisdiction. There is an exception to this rule, however: "When a federal statute wholly displaces the state law cause of action through complete preemption, the state claim can be removed." Aetna Health, Inc. v. Davila, 542 U.S. 200, 207 (2004) (internal quotation marks and citations omitted).

ERISA is one of those statutes with such preemptive effect. Congress enacted ERISA "to provide a uniform regulatory regime over employee benefit plans." Aetna, 542 U.S. at 208. ERISA § 502(a) is an integrated enforcement mechanism designed to accomplish that purpose by superceding state law remedies for employees seeking to enforce their benefits plans. "Therefore any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." Id. at 209. Consequently, "causes of actions within the scope of the civil enforcement provision of § 502(a) [are] removable to federal court." Id.

Aetna established a two-pronged test to determine whether a cause of action is completely preempted by ERISA:

> [(1) the plaintiff] could have brought his claim under ERISA § 502(a)(1)(B), and . . .
>
> [(2)] there is no other independent legal duty that is implicated by the defendant's actions . . . .

Diven v. Fairmont Gen. Hosp. No. 1:11CV27, 2011 WL 7431715, at *3 (N.D.W.Va. Nov. 23, 2011) (citing Aetna, 542 U.S. at 210). In order to trigger complete preemption, both prongs of the Aetna test must be satisfied.

The first prong requires that the plaintiff could have brought his claim under ERISA's civil enforcement provision, § 502(a). Aetna, 542 U.S. at 201. The defendants argue that Howell could have brought his claim under ERISA's anti-discrimination provision, § 510, which is enforced through § 502(a).

Section 510, in pertinent part, renders it unlawful for

> any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . .

Significantly, an employer violates § 510 only if it acted with the specific intent to interfere with the defendant's pension rights. Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 239 (4th Cir. 1991). Incidental effects on an employee's pension benefits are not sufficient to establish that the "motivating factor" for the termination was to avoid contributing to a pension fund. Id. at 238-39.

The second prong requires that "there is no other independent legal duty that is implicated by a defendant's actions . . . ." Aetna, 542 U.S. at 201. In Aetna, the Court explained that, when "interpretation of the terms of the [plaintiffs'] benefit plans forms an essential part of their [] claim" and when the defendant's liability exists only due to its administration of that plan, no

independent legal duty exists. Id. at 213. "This requirement is a recognition that 'ERISA does not preempt state laws that might afford parallel relief from the same set of facts as long as the state law claims do not protect those rights protected by' ERISA." Shatzer v. Connecticut Gen. Life Ins. Co., No. 106-CV-2296, 2007 WL 1227693, at *3 (M.D.Pa. Apr. 25, 2007) (quoting Trotter v. Perdue Farms, Inc., 168 F.Supp.2d 277, 283 (D. Del. 2001) (citing John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank, 510 U.S. 86, 98 (1993)). In other words, complete ERISA preemption exists only where the defendant's liability under state law is derived "entirely from the particular rights and obligations established by the benefits plans." Aetna, 524 U.S. at 213.

**III.**

**A.**

Addressing the first prong of Aetna's test for complete ERISA preemption, whether Howell could have brought his claim under ERISA § 502(a)(1)(B), the sur-reply statements relied upon by Lockheed Martin as a basis for removal clearly demonstrate that Howell could have brought his WVHRA claim under § 510 of ERISA, which makes unlawful the termination of "a participant or beneficiary . . . . for the purpose of interfering with the attainment of any right to

7

which such participant may become entitled under the plan . . . ." In that briefing, Howell indicates his belief that Lockheed Martin terminated him in order to avoid the higher cost in pension benefits and salary his seniority necessitated, to wit:

- Lockheed Martin recognized the need to restructure its employee base by eliminating employees with high salaries and the potential to cost money through the pension plan offered by the company.

- [Howell's] continued employment with the company exposed Lockheed Martin to continue to pay him the higher salary it sought to eliminate and the risk of paying Plaintiff much higher pension benefits, the difference of which was substantial.

(Dkt. No. 2-5 at 3).

While not the only motivation ascribed by Howell to Lockheed Martin, the sur-reply does allude to a specific, pension defeating motivation such as that proscribed by § 510 of ERISA.[2] As § 510 is enforced through § 502(a), Howell's claim does appear to satisfy the first prong of Aetna. See Diven, 2011 WL 7431715 at *3 ("'[section] 510 protects plan participants from termination motivated by an employer's desire to prevent a pension from vesting' [and] should be enforced through § 502(a)") (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 143 (1990)).

---

[2] It is undisputed that ERISA governs Howell's pension plan, and thus Howell has standing as a plan beneficiary.

8

Nonetheless, Howell contends that Aetna's first prong is not satisfied because the reduction of his pension benefits is the outcome of Lockheed Martin's illegal conduct, and not its motivation. See Conkwright, 933 F.2d at 238-39.  While Howell correctly distinguishes between a pension incidentally affected by a wrongful termination, and a termination made wrongful by a pension-defeating motive, that distinction is inapposite here because Howell's sur-reply can be read to allege a specific intent by Lockheed Martin to interfere with his pension benefits. See id. Howell, therefore, could have brought his claims under ERISA § 502, and the first prong of the Aetna test for complete ERISA preemption is satisfied.[3]

**B.**

The Court turns next to the second prong of Aetna, which the defendants must also satisfy in order to defeat Howell's motion to remand. That prong requires that "there is no other independent legal duty that is implicated by a defendant's actions . . . ." Aetna, 542 U.S. at 201. Lockheed Martin argues that, as characterized in his sur-reply, Howell's age discrimination claim

---

[3] For those same reasons, Howell's statements in his sur-reply would also satisfy the first and second factors of Sonoco Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003).

is based solely on his status as a participant in its pension plan, and thus does not implicate a legal duty independent of ERISA. In replying to this argument, Howell contends that, at worst, the sur-reply alleges mixed motives for his termination. He argues that, when based upon mixed motives, a state law age discrimination claim arises from a legal duty independent from ERISA and thus is not completely preempted. Lockheed Martin counters that, regardless of any additional motives for the termination, any allegation of specific intent by an employer to interfere with a plaintiff's pension benefits suffices to preempt the state law claim.

In <u>Aetna</u>, the plaintiff sought relief under the Texas Health Care Liability Act ("THCLA"). The Supreme Court observed that the plaintiff sought relief based upon a legal duty "<u>derive[d] entirely</u> from the particular rights and obligations established by the [ERISA] benefit plans." 542 U.S. at 213 (emphasis added). It concluded that any liability under the THCLA existed "<u>only</u> because of petitioners' administration of ERISA-regulated benefit plans." <u>Id.</u> (emphasis added). In short, the plaintiff's claim was not "entirely independent of the federally regulated [ERISA benefits] contract itself." <u>Id.</u> In other words, the underlying facts of <u>Aetna</u> gave rise to liability solely due to the plaintiff's status as a beneficiary of an ERISA-regulated benefit plan.

Here, in contrast, the underlying facts give rise to a claim for age discrimination as proscribed by the WVHRA, and also a violation of ERISA § 510. Howell's complaint succinctly alleges a cause of action for age discrimination under the WVHRA without invoking the substance of his pension plan, thus implicating a legal duty owed by Lockheed Martin independent of any ERISA plan. See Warner v. Ford Motor Co., 46 F.3d 531, 534 (6th Cir. 1995)(en banc) (ERISA did not completely preempt a "straight state age discrimination case which has no counterpart or superseding cause of action in ERISA"); Donald v. Va. Elec. & Power Co., 7 F.Supp.2d 694, 698 (E.D.N.C. 1998) (ERISA did not completely preempt state law age discrimination claim because the state law cause of action "does not conflict with a cause of action brought to enforce § 510 of ERISA"). Cf. Hoops v. Elk Run Coal Co., Inc., 57 F.Supp.2d 357, 360 (S.D.W. Va. 1999)(ERISA completely preempted state law age discrimination claim where "[p]laintiffs clearly assert[ed] in Count I their termination by Elk Run was for the primary purpose of interfering with their attainment of rights under the applicable [pension] plans").

The statements in Howell's sur-reply on which Lockheed Martin relies as grounds for removal do not change the nature of Howell's "straight state age discrimination case," Warner, 46 F.3d at 534,

to one completely preempted by ERISA. Rather, those statements set forth an additional motivation for Lockheed Martin's decision to terminate him: its intent to interfere with his pension benefits. Such an allegation of dual, or mixed, motives – in this case, to discriminate based on age, and also to interfere with pension benefits – does not trigger complete ERISA preemption, particularly when Howell articulated the pension-defeating motive so late in the underlying litigation and so far beyond the four corners of his complaint. See Ruby v. Sandia Corp., 699 F.Supp.2d 1247, 1278 (D.N.M. 2010) (no complete preemption where the "benefit-defeating motive is one of multiple motives [the plaintiff] asserts, not the sole motive"); Borgese v. Am. Lung Assoc. of Maine, No. 05-CV-88-P-S, 2005 WL 2647916, at *5 (D. Maine Oct. 17, 2005) (no preemption where "the case at hand involves the possibility of mixed motives, in which an employer both engaged in age discrimination and desired to avoid paying plan benefits"); Kiedaish v. Nike, Inc., 2004 U.S.Dist. LEXIS 2828, at *17 (D.N.H. 2004) ("Plaintiff's speculative deposition testimony that defendants might have been motivated to terminate his employment to avoid paying his pension benefits does not, without more, operate to convert his state common law claims into an ERISA-governed cause of action.").

**HOWELL v. LOCKHEED MARTIN CORPORATION, ET AL.**                1:12CV60

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 18]**

Lockheed Martin argues that Howell's case does not actually present mixed motives because, as evidenced by the summary judgment briefing to the state court, he cannot produce any evidence that it, in fact, terminated him due to his age, and therefore can only rely on the pension-defeating motivation at trial. Lockheed Martin's argument misses the mark, however. Regardless of what Howell may or may not be able to prove at trial, his complaint clearly sets forth an age discrimination claim, cf. Hoops, 57 F.Supp.2d at 360, the heart of which – that he was wrongfully terminated due to his age – is not changed by statements in his sur-reply brief. See Rokohl v. Texaco, Inc., 77 F.3d 126, 130 (5th Cir. 1996) (no preemption under ERISA § 514 where "the heart of [the plaintiff's] claim is that he was wrongfully discharged . . . on the basis of his disability").[4] To conclude otherwise would be to engage in speculation that not only ignores that "[i]n any circumstance where age discrimination is proven, arguably one motivation for the action would be to cut future pension benefit costs," Drescher v. Union Underwear Co., Inc., 858 F.Supp. 653, 657 (W.D.Ky. 1994), but also that, because removal is to be construed

---

[4] While Rokohl analyzed preemption under § 514 of ERISA, and not § 502, the Court "considers the principles Rokohl set forth for analyzing § 514 preemption helpful in determining whether removal based upon complete preemption is appropriate." Donald, 7 F.Supp.2d at 697.

strictly, "reasonable doubts must be resolved against the complete preemption basis for it." Lontz, 413 F.3d at 441.

In short, Howell's claim is not "derive[d] entirely from the particular rights and obligations established by the [ERISA] benefit plans." Aetna, 542 U.S. at 213. Lockheed Martin, therefore, cannot satisfy Aetna's second prong, and Howell's age discrimination claim is not completely preempted by ERISA § 502.[5] Accordingly, the Court lacks a basis upon which to exercise subject matter jurisdiction over Howell's complaint, and Lockheed Martin's removal pursuant to 28 U.S.C. § 1331 was improper.[6]

**CONCLUSION**

For the reasons discussed above, the Court:

1. **GRANTS** the defendants' motion to file a sur-reply (dkt. no. 24);

2. **GRANTS IN PART** the plaintiff's motion to remand (dkt. no. 18) this case to the Circuit Court of Harrison County;

---

[5] Because Howell's WVHRA claim is not completely preempted by ERISA, and therefore not properly removable on that ground, the Court need not address the plaintiff's second argument, that the defendant's removal was untimely.

[6] The Court **DENIES** the plaintiffs' request for attorneys' fees. This case was removed for an objectively reasonable, although incorrect, reason, and attorneys' fees therefore are not recoverable. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

**HOWELL v. LOCKHEED MARTIN CORPORATION, ET AL.** 1:12CV60

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 18]**

3. **DENIES AS MOOT** the remaining motions pending in this case (dkt. nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15); and

4. **REMANDS** this case to Circuit Court of Harrison County, West Virginia.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 26, 2013

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE